**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| JAMES ROBERT TALLEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:07-CV-177 (CDL) |
| | * | 42 U.S.C. § 1983 |
| RALPH JOHNSON, | * | |
| | * | |
| Defendant. | * | |

## REPORT AND RECOMMENDATION

Before the court is Defendant Sheriff Ralph Johnson's Motion to Dismiss Plaintiff's action, filed on March 3, 2008. (R-13). The Plaintiff was notified of his right to respond and did so on March 17, 2008. (R-18).

## LEGAL STANDARDS FOR MOTION TO DISMISS

The standard for a Motion to Dismiss was altered by the United State Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The decision in *Bell Atlantic* overturned the fifty year old test of "no set of facts" established in *Conley v. Gibson*, 127 S.Ct. 1969 (1957); in so holding, the Supreme Court characterized that test as an "observation [that] has earned its retirement." *Bell Atlantic*, 127 S.Ct. at 1969. The Court of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. V. Stephens, Inc.*, stating:

> In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the

> speculative level." *Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir. 2007); citing *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

## DISCUSSION

On December 3, 2007, Plaintiff filed this 42 U.S.C. § 1983 suit (R-1), and supplemented said suit with his factual allegations on December 6, 2007 (R-5). Plaintiff

2

alleges deliberate indifference to a serious medical need and challenges the conditions of his confinement under the standard set by the Eighth Amendment. (R-5). Plaintiff seeks $500,000 for the violation of his civil rights. *Id*. In his Motion to Dismiss, Defendant Sheriff Ralph Johnson contends that Plaintiff's complaint should be dismissed for his failure to exhaust administrative remedies; failure to state a claim for deliberate indifference; failure to plead more than a *de minimis* injury; because Eleventh Amendment immunity protects Defendant Johnson in his official capacity; and mootness.

## Exhaustion of Administrative Remedies

The Defendant contends that Plaintiff failed to timely exhaust his available administrative remedies. (R-14). By *The Prison Litigation and Reform Act* (PLRA)*,* Congress has provided that "no action may be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "An inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983." *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999). Section 1997e(a) mandates exhaustion of a prisoner's administrative remedies and courts no longer have discretion to waive the exhaustion requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998). The Eleventh Circuit has held that the exhaustion requirement pursuant to § 1997e(a) constitutes a pre-condition to suit, which makes the requirement jurisdictional in nature. *Id*.

3

In *Woodford v. Ngo*, the United States Supreme Court held that an inmate must *properly* exhaust all available administrative remedies before he can file a 1983 lawsuit in federal court. 126 S.Ct. 2378 (2006) (emphasis added). In *Woodford*, the Respondent, an inmate at a California state prison, filed a grievance regarding prison conditions, which was rejected as untimely. *Id.* at 2380. The Respondent thereafter filed suit pursuant to § 1983 against the prison officials. The District Court held that because Respondent had failed to timely exhaust all of his available remedies, the case should be dismissed. *Id.* The Ninth Circuit Court of Appeals reversed the lower court's decision, finding that the Respondent had no further administrative remedy available to him after his grievance was rejected as untimely. *Id.* The high court ultimately reversed the Ninth Circuit, finding that, just as in habeas corpus cases, the remedies available to the inmate must be **fully and properly** exhausted. *Id.*

Defendants have provided an affidavit by Leroy Mills, Assistant Warden of the Muscogee County Jail, which confirms that the Muscogee County Jail has an administrative grievance system. (R-14-2). The grievance system requires that a prisoner with complaints file a written grievance within ten days of the incident, receive a written response, and then file a written appeal in order to exhaust the administrative grievance system. (R-14-2, pp. 4-7). Defendants state through the Affidavit of Leroy Mills, that the *Inmate Handbook* is a true and accurate copy and that each inmate is given a copy of the *Inmate Handbook* upon entering the Muscogee County Jail. (R-14-2).

In his complaint Plaintiff lists fourteen separate dates on which he filed grievances,

4

these incidents are the basis for his claims. (R-5, p. 1-4). The Defendant has attached to his Motion a copy of all of Plaintiff's original Grievance forms filed between September 9, 2005, and November 27, 2007. (R-14-2, pp. 8-25, Exhibit "C" and R-14-3, Exhibit "D"). In total, there were twenty-seven (27) grievance forms. *Id.* On those same documents, Plaintiff was given an opportunity to appeal the response to his grievance by circling whether he would like to appeal the decision or not. Exhibit "C," provided by the Defendant shows that when the grievance officer responded in writing, the Plaintiff signed his name but did not circle either Yes or No in response to whether he wished to appeal the decision on fifteen (15) of those forms. (R-14-2, pp. 10-16 and pp. 18-25). Thus, pursuant to procedure at the Muscogee County Jail, these grievances were not appealed, which would have exhausted the grievance procedure in place at the time Plaintiff was an inmate at the Jail. Exhibit "D,"provided by the Defendant shows that on seven (7) of those grievance forms, the Plaintiff signed his name but circled "No" in response to whether he wished to appeal the decision. (R-14-3, pp. 2-8).[1] To properly exhaust a grievance at the Muscogee County Jail, an inmate must appeal his grievance form, because Plaintiff failed to do so, these seven (7)

---

[1] On November 27, 2007, Plaintiff filed two grievances identical in substance. The first was accepted at 9:36 a.m. by Officer Brundage (R-14-3, p. 2), the second at 9:40a.m. by Officer Brundage (R-14-2, p. 9). The first grievance was fully responded to and Plaintiff chose not to appeal said response. (R-14-3, p. 2). The court sees no reason why jail personnel should have to write the same response on two grievances which were filed within minutes of one another and concerned the same matter, and therefore, the two grievances were considered as one by the court. Jail personnel satisfied their duty to investigate the second grievance (R-14-2, p. 9), while investigating the first grievance (R-14-3, p. 2). Perhaps more importantly, it should be noted that Plaintiff filed his federal lawsuit on November 30, 2007 (R-1-2, Plaintiff's date-stamped envelope) <u>before</u> time had run for the grievance coordinator's response (R-14-2, p. 6) to his second grievance. Thus, Plaintiff also failed to properly exhaust this grievance under the PLRA before filing his complaint.

grievances were also not fully and properly exhausted. On September 27, 2007, Plaintiff submitted a grievance complaining that his legal mail had been brought to him already opened on September 21, 2007. (R-14-3, p. 10, Exhibit "E"). However, the grievance procedure requires that an inmate file any grievance within five (5) days of the incident grieved. (R-14-2, p. 6). Therefore, on September 27, 2007, Plaintiff was outside his five-day time frame to file a grievance for an event that occurred on September 21, 2007. Plaintiff's grievance was untimely and therefore, not properly exhausted. On June 29, 2007, Plaintiff filed a grievance complaining about the lack of "yard time" and a conflict between the agreement with the United States Department of Justice and Muscogee County and the information in the Inmate Handbook regarding "yard time." (R-14-3, p. 14). The Inmate Handbook requires that all grievances "**state fully the time, date, names of facility staff** and inmates involved, witnesses, and a narrative of the event." (R-14-2, p. 6) (emphasis added).

In *Jones v. Brock*, the United States Supreme Court held that "[t]he "applicable procedural rules" that a prisoner must properly exhaust [], are not defined by the PLRA, but by the prison grievance process itself." 549 U.S. 199, 127 S.Ct. 910, 913 (2007); *citing Woodford v. Ngo,* 126 S.Ct. 2378 (2006). Although Plaintiff appears to have familiarized himself with the Inmate Handbook, he failed to comply with the grievance procedures contained therein and thus, failed to fully exhaust his administrative remedies as to this claim also. On December 7, 2007, Plaintiff filed a grievance regarding a guard ignoring him all night. (R-14-2, p. 17). Plaintiff's complaint, however, was filed in federal court on December 3, 2007, several days before the grievance was filed. (R-1). Under the PLRA, however, a prisoner

6

must exhaust his administrative remedies before filing an action. 42 U.S.C. § 1997e(a). Because § 1997e(a) constitutes a pre-condition to suit, which makes the requirement jurisdictional in nature, the court is without jurisdiction to review the merits of this claim also.

Plaintiff failed to fully exhaust his available administrative remedies in the above-listed claims before filing the current action. Thus, it is recommended that all claims connected to the twenty-five (25) above mentioned grievances be dismissed for Plaintiff's failure to exhaust his administrative remedies.

## Non-medical Claims

Plaintiff has two remaining claims: spoiled juice (R-14-3, p. 12) and an unsanitary shower (R-14-3, p. 16). As to these two (2) claims, Plaintiff has failed to state a claim upon which relief may be granted as he has alleged no physical injury resulting from the abovementioned actions. 42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit Court of Appeals held, in an en banc decision, that the physical injury requirement even applies to claims of a constitutional nature. *Harris v. Garner*, 216 F. 3d 970, 984-85 (11th Cir. 2000). The Eleventh Circuit also held that the requisite physical injury needed to satisfy 1997e and sustain damages must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 2000). A helpful guide for determining the types of injuries that surmount the *de minimis* physical injury bar has been described as follows:

> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which last even up to two or three weeks. People in regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise above *de minimis,* would under *Siglar v. Hightower, (cite omitted),* require more than the types and kinds of bruises and abrasions about which the Plaintiff complains.

*Luong v. Hatt,* 979 F. Supp. 481 (N.D. Tex. 1997). Plaintiff has made no allegation of physical injury and the factual allegations asserted by him do not indicate any physical injury. Plaintiff's bare allegation of a "violation of his constitutional rights" (R-5, p. 1), is insufficient. Although these two claims may be actionable through the prison or jail grievance procedures, or in a State court, they do not rise to the level of a federal civil rights action pursuant to 42 U.S.C. § 1983.

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendant Johnson's Motion to Dismiss be GRANTED and Plaintiff's action be dismissed as to all claims. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 1st day of May, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc